(96 Misc. Rep. 219)

### BUFFALO GENERAL ELECTRIC CO. v. LUNZ et al.

(Supreme Court, Special Term, Erie County.   July 3, 1916.)

1. JUDGMENT ⬅248—CONFORMITY TO PLEADINGS AND PROOF.

A judgment must be rendered secundum allegata et probata; the Code of Civil Procedure authorizing liberal amendment nunc pro tunc at a trial, in order to conform the pleadings to the proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. ⬅248.]

2. PLEADING ⬅313—BILL OF PARTICULARS.

It is peculiarly the province of a bill of particulars to amplify the pleadings and make plain the issues to be tried and determined.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 949; Dec. Dig. ⬅313.]

3. PLEADING ⬅320—BILL OF PARTICULARS.

It is begging the question for the party called on for bill of particulars to suggest the other party knows the facts better than he, since what is sought is, not the facts, but what they are claimed to be.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 972; Dec. Dig. ⬅320.]

4. PLEADING ⬅324—BILL OF PARTICULARS.

In an action for negligence in breaking plaintiff's pole, a bill of particulars stating that the negligence consisted in the operation of a car of one of the defendants, because of which the automobile of another defendant was thrown against the pole, injuring it, is not sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 980-983, 985; Dec. Dig. ⬅324.]

Appeal from City Court of Buffalo.

Action by the Buffalo General Electric Company against George A. Lunz and another. From an order denying the motion of the International Railway Company for a supplemental bill of particulars, it appeals. Reversed, with directions.

Joseph Le C. Bell, of Buffalo, for appellant.
Clarence W. Roberts, of Buffalo, for respondent.

WOODWARD, J.   The complaint in this action, after the formal allegations of a jurisdictional character, alleges:

"On information and belief that on or about the 18th day of September, 1914, one of the poles maintained by the plaintiff was damaged and broken by reason of the negligence and carelessness of the defendants herein, and that by reason of such carelessness and negligence it became necessary for the plaintiff to replace said pole and to make repairs thereto and to the wires strung thereon to the damage of the defendant in the sum of $75."

The defendant International Railway Company asked for a bill of particulars, and was afforded a so-called bill of particulars in the following language:

"International Railway Company was negligent and careless, in that by reason of the manner in which one of its cars was operated an automobile operated by one George A. Lunz was forced against and thrown upon the pole

maintained by the plaintiff and referred to in plaintiff's complaint, by reason of which plaintiff sustained damages therein referred to."

Subsequently the defendant International Railway Company moved the court for a further bill of particulars, and, this motion having been denied, appeal comes to this court.

[1] The substantial foundation of any sound judicial system requires that there shall be pleadings, and that these pleadings shall clearly define the issues to be tried. While the courts are more liberal than formerly in permitting the amendment of pleadings, under the provisions of the Code of Civil Procedure, the whole scope of these provisions implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, shall be actually inserted in the pleadings, and, when variances are disregarded, it is upon the principle that they may be amended nunc pro tunc at the trial, and the court will so order to perfect the record, so that it shall show the question really litigated and decided. The principle still remains that the judgment to be rendered by any court must be secundum allegata et probata; and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Wright v. Delafield, 25 N. Y. 266, 270.

[2-4] Neither the complaint nor the so-called bill of particulars gives any fair intimation of the claim of the plaintiff in this action, and it is peculiarly the province of a bill of particulars to amplify the pleadings, and to make plain the issues to be tried and determined. It is begging the question to suggest that the defendant knows the facts better than the plaintiff. The question here is, not what the facts are, but what the plaintiff claims them to be, and, while the court will not compel a disclosure of the evidence, it is clearly within the contemplation of the Code of Civil Procedure, in letter and in spirit, that the adverse party should be told plainly and concisely the facts on which judgment is sought. The modern cases are uniform in the declaration of the rule, which is reiterated in Havholm v. Whale Creek Iron Works, 159 App. Div. 578, 582, 144 N. Y. Supp. 833, and which requires the reversal of the order in the instant case.

The order appealed from should be reversed, with $10 costs, and the plaintiff should be directed to give in good faith its version of the facts out of which its claim of negligence arises.