THE STANDARD BANK, Respondent, *v.* AMERICAN UNION BANK, Appellant.

First Department, December 15, 1922.

Depositions — examination of defendant before trial — plaintiff not entitled to examine defendant as to affirmative defenses — examination proper as to denial of execution of contract sued on.

The plaintiff in an action for breach of contract is not entitled to examine the defendant before trial concerning affirmative defenses but it is entitled to examine defendant as to the issue raised by denial of the execution of the contract.

APPEAL by the defendant, American Union Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of May, 1922, denying defendant's motion to vacate a notice of examination of the defendant before trial.

*Lewis & Kelsey* [*Charles C. Pearce* of counsel], for the appellant.

*Bullowa & Bullowa* [*Charles C. Sanders* of counsel], for the respondent.

PAGE, J.:

The complaint states four causes of action upon agreements for four cable transfers of money to various persons, respectively, in Poland, Hungary and Roumania. The answer admits the receipt of the money and the agreements to the transfer by cable, but sets forth in a separate defense to each cause of action agreements for the cable transfer on different terms and conditions from those alleged in the complaint, from which it would appear that the plaintiff had agreed to assume all the risks of delay in performing, or of failure to perform, the contract; and that no liability should attach to or be imposed upon the defendant or its correspondents for any loss or damage in consequence of any delay, error, omission, interruption or mistake in transmission thereof, or for any cause beyond their control; and that refund for undelivered exchange would be made at the current rate of exchange in New York city as of the date of refund with interest adjustment at the rate with which the defendant would be credited by its correspondent bank abroad. The answer further alleges facts tending to show a deposit of the foreign money in the defendant's correspondent banks in the various countries, and alleges that any failure or delay in delivery was occasioned by causes beyond its control, which are specified.

The plaintiff gave notice for the examination of the defendant by its vice-president upon twenty-four alleged issues. The defendant moved to vacate the notice on the ground that it was thereby sought to cross-examine the defendant upon its affirmative defenses. In our opinion the motion was justified as to all the alleged issues except those that related to the terms of the agreements for the cable transfer. The allegation in the answer of a contract, in different terms from that alleged in the complaint, is a mere amplification of the denial of the making of the contract set forth in the complaint. The burden of proof upon this issue rests upon the plaintiff, and it is entitled to prove the facts by the defendant, if it can.

The order, therefore, should be reversed and the motion granted to the extent of modifying the notice by striking therefrom the 3d, 4th, 5th, 6th, 9th, 10th, 11th, 12th, 15th, 16th, 17th, 18th, 21st, 22d, 23d and 24th subdivisions thereof, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., SMITH, GREENBAUM and FINCH, JJ., concur.

Ordered reversed, with ten dollars costs and disbursements to the appellant; and motion granted to the extent indicated in the opinion. Settle order on notice; the time for examination to proceed to be fixed in order.