ALICE T. LATTIMER, Appellant, *v.* THE SUN-HERALD CORPORATION, Respondent.

Fourth Department, March 26, 1924.

Depositions — action for libel — examination of plaintiff before trial — unlimited freedom of examination or of cross-examination affecting credibility not permitted — notice of examination, in effect, providing for general examination of plaintiff not limited to affirmative defense, modified.

The provisions of the Civil Practice Act relative to the examination of a party before trial should be made useful and efficacious when the testimony is material and necessary to the prosecution or defense of the action, but the liberal interpretation given to the statute does not permit a party unlimited freedom in the examination of the other party nor will it permit what is, in effect, a cross-examination of such party for the purpose of attacking his credibility, and there still remains in the court a discretion to limit the scope of the examination to testimony material and necessary to a determination of the issues.

Accordingly, in an action for libel, defendant's notice of examination of the plaintiff before trial, which notice provided for the examination of the plaintiff on a vast number of subjects, and in effect for a general examination of the plaintiff not limited to an affirmative defense, is modified by striking out certain portions of the notice of examination in conformity to the rules stated above.

APPEAL by the plaintiff, Alice T. Lattimer, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 17th day of October, 1923, denying her motion for an order to vacate defendant's notice of examination of the plaintiff before trial.

*Iloff & Murray* [*Otto W. Iloff* of counsel], for the appellant.

*Watson, Harrington & Sheppard* [*Ralph O. Willguss* of counsel], for the respondent.

DAVIS, J.:

The action is for libel. The plaintiff claims damages for injury in her occupation as a nurse and in her good name and reputation because of matter concerning her which the defendant admittedly published in its newspaper. This article stated, in substance, that plaintiff, a nurse, was arrested after poison had been discovered in food given to her patient, and that accusations had been made against her in Syracuse that she caused her patient to be strapped to her bed and fed poison in her food.

The answer is only incidentally before us, but it does not seem to contain a full and complete justification as broad as the charge. While the particular charges against plaintiff in the published

504 LATTIMER v. SUN-HERALD CORPORATION.

article are referred to in the answer, they are commingled with other charges not theretofore published or complained of, many of which are at the most related but remotely to the charge of feeding poison to the patient. The defendant also sets up in the answer many matters in great detail not denials or defenses, but in the nature of evidence and conclusions of law and facts. Practically all these, together with some new matter, are repeated and realleged in mitigation of damages. Such pleadings unauthorized by modern practice, make difficult any problem into which they enter. (*International Railway Co.* v. *Jaggard,* 204 App. Div. 67.)

The defendant gave notice to plaintiff that her testimony would be taken before trial on a vast number of subjects. The defendant alleges this examination is necessary for its defense. The motion to vacate the notice has been denied at Special Term, though a slight modification thereof was made.

In this department we believe that the provisions of the Civil Practice Act (§ 288 *et seq.*) relative to the examination of a party before trial should be made useful and efficacious when the testimony is material and necessary to the prosecution or defense of the action. (*MacDonald* v. *Wills & Co., Ltd.,* 199 App. Div. 203; *Brown* v. *Brown,* 203 id. 658; *Harding* v. *Harding,* Id. 721; *Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 id. 752.) The liberal interpretation we have given the statute does not, however, permit a party unlimited freedom in examination into the cause of action or defenses of the opposing party, nor will it permit what is in effect a cross-examination of such party for the purpose of attacking his credibility. There still remains in the court a discretion to limit the scope of the examination to testimony material and necessary to a determination of the issues. (*Brown* v. *Brown, supra; Shaw* v. *Samley Realty Co., Inc.,* 201 App. Div. 433; *Samols* v. *Mayer,* 120 Misc. Rep. 516.) Ordinarily a defendant is not entitled to examine the plaintiff before trial concerning the issues which the latter must first establish before he can recover. (*Curtis* v. *Searles,* 206 App. Div. 287.) Nor may the defendant after setting up in his answer matter largely irrelevant, which, if untrue, would be scandalous, attempt to establish its truth by what amounts to cross-examination of the plaintiff before trial.

The learned court at Special Term seems to have decided the motion under a misapprehension of our decision in *Marine Trust Co.* v. *Nuway Devices, Inc.* (*supra*). In that case it was sought to hold one Mather liable as indorser on a promissory note. The record disclosed that on the trial he would have the burden of establishing by witnesses that due presentment, protest and notice thereof were not made. We held that he might examine the

officers of plaintiff who had exclusive knowledge of the facts. Though the issue arose in a traverse of the facts set forth in the complaint, it was under the circumstances equivalent to an affirmative defense; and though related to plaintiff's cause of action, the matter to be proved was vital to the defense. The examination granted was not one of witnesses who must necessarily be called by plaintiff upon the trial. There seemed no other practical way for defendant to make his proof in the orderly course of procedure. But the case is not an authority for the broad proposition that a defendant may have " a general examination of the plaintiff, and not be limited to an affirmative defense," as the court below interpreted the rule.

It would serve no useful purpose to state in detail in this opinion the subjects in the notice which we hold relevant and those which we deem impertinent to the issue between the parties. We will content ourselves by stating general principles and will provide in the order the portions to be struck from the notice.

The order should be modified, striking out certain portions of the notice of examination, and as modified affirmed, without costs.

All concur.

Order modified by striking out certain provisions of the notice for examination, in accordance with the opinion, and as so modified affirmed, without costs of this appeal to either party.