JOHN J. K. CASKIE, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent. (No. 2.)

Fourth Department, November 12, 1930.

*Carlos C. Alden,* for the appellant.

*James C. Sweeney,* for the respondent.

SEARS, P. J.  The defendant has served a notice for a wide examination of the plaintiff before trial.  Plaintiff moved to vacate or modify this notice.  The motion was denied and the appeal is from the order of denial.

The plaintiff is a member of the bar and in his complaint sets forth causes of action for legal services rendered to the defendant over a period beginning in September, 1922, and ending in December, 1929.  The value of the services as stated in the complaint is $200,000.

The answer not only puts in issue the principal allegations of the complaint, but alleges affirmatively, in substance, that the plaintiff, during the period mentioned in the complaint, was in the general employ of the Philadelphia Rapid Transit Company; that the relations of the defendant and the Philadelphia Rapid Transit Company have been very close, both companies having employed a corporation called Mitten Management, Inc., a corporation engaged in the management of street railway and public transportation systems; that the services performed by the plaintiff in the interests of the defendant were performed in the course of his employment by the Philadelphia Rapid Transit Company and that he has been fully compensated by that company, which, in turn, has been compensated by the defendant. .

In the bill of particulars furnished by the plaintiff he has alleged: " That the late Thomas E. Mitten, acting in behalf of the defendant, expressly promised the plaintiff that the defendant would pay him the reasonable value of his alleged services," and that these promises were oral. Also that the plaintiff is entitled to recover a reasonable value of his alleged services upon an implied promise or *quantum meruit*, even if the defendant made no express promise to pay.

It is the plaintiff's contention that all the matter alleged in the answer could be shown under the denial of the allegations of the complaint to the effect that the services were performed for the defendant and at the defendant's special instance and request, and that, therefore, the general rule which denies an examination, except where the examining party has the affirmative, should apply. It is true that such is the general rule for exercising discretion. (*Sands* v. *Comerford*, 211 App. Div. 406; *Tichnor Brothers, Inc.*, v. *Bickle*, 216 id. 110.) But the power to allow an examination even upon matters relating to the adversary's case is plenary. (*Oshinsky* v. *Gumberg*, 188 App. Div. 23; *Herbage* v. *City of Utica*, 109 N. Y. 81.) Such power, however, will only be exercised in respect to matters upon which the examining party does not have the affirmative under exceptional circumstances. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503; *National Fire Ins. Co.* v. *Shearman*, 209 id. 538; *Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 id. 752.) We think the circumstances in this case are in some respects exceptional and that a limited examination should be allowed even though it be conceded that the plaintiff has the affirmative on the ultimate questions involved. The man with whom plaintiff claims that his contract was made is dead, and it appears from the complaint that during the entire period covered by the services until after the death of Thomas E. Mitten, no claim was made upon the defendant for compensation for the extensive services which the plaintiff alleges were rendered at the defendant's request. Moreover, the relation of the plaintiff with the Philadelphia Rapid Transit Company will not necessarily be covered by the plaintiff in making his direct case, and the necessity under the pleadings of producing proof as to this will, in the first instance, fall upon the defendant.

We reach the conclusion, therefore, that the defendant is entitled to an examination of the plaintiff as to his conversations with Thomas E. Mitten out of which the alleged employment arose, and as to his relations with the Philadelphia Rapid Transit Company, these being the subjects mentioned in the 3d, 4th and 5th paragraphs of the defendant's notice for an examination. The

other paragraphs of the notice refer to matters which fall within the general rule, or are of the nature of cross-examination, and as to those matters examination should be denied.

The order should be modified by vacating the notice as to all matters therein contained, except those mentioned in paragraphs 3, 4 and 5 thereof, and otherwise affirmed, without costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, THOMPSON and CROSBY, JJ.

Order entered June 5, 1930, modified by vacating notice of examination except as to matters mentioned in paragraphs 3, 4 and 5 thereof, and as so modified affirmed, without costs of this appeal to either party.