EMIL FROHMAN, Plaintiff, v. THE SAMUEL STORES, INC., Defendant.

Supreme Court, Erie County, January 13, 1932.

*Samuel Ginsburg,* for the plaintiff.

*Eugene Warner,* for the defendant.

HINKLEY, J. Plaintiff, an individual, has brought this action against the defendant corporation for damages arising out of a written contract for services to be performed by the plaintiff. The defendant alleges that its secretary, who executed the contract, had no authority to bind the defendant; that defendant had no adequate available surplus to purchase from plaintiff its own shares of stock as agreed in the contract. The answer sets forth a counterclaim for damages based upon the validity of the contract it had theretofore declared in its answer to be unauthorized.

The plaintiff now moves for a bill of particulars of the defendant's counterclaim. The plaintiff is entitled to an amplification of the allegations of the counterclaim with respect to general allegations of fact but is not entitled to evidentiary details. (*Spitz* v. *Heinze*, 77 App. Div. 317, 319; *Smith* v. *Anderson*, 126 id. 24, 26; *Buffalo General Electric Co.* v. *Lunz*, 96 Misc. 219.)

Plaintiff's motion is, therefore, granted with respect to items numbered 1, 3, 8 and 9 of his demand but not as to items numbered 2, 4, 5, 6, 7, 10 and 11.

Plaintiff also moved, by separate motion, for a discovery and inspection of defendant's books and records and the examination of certain of defendant's officers with respect to the two defenses above set forth, to wit, the lack of authority upon the part of defendant's secretary to make the contract and the lack of available surplus to purchase plaintiff's stock.

The time is passed to debate the question as to whether the liberalizing of the right to discovery, inspection and examination is an expedient or a detriment to litigation. The general rule that an examination should be denied except when the examining party has the affirmative is firmly established in this department. (*Lattimer* v. *Sun-Herald Corporation*, 208 App. Div. 503; *Sands* v. *Comerford*, 211 id. 406; *Tichnor Bros., Inc.*, v. *Bickle*, 216 id. 110.)

That the converse is true requires no citation of authority. There can be no serious contention against the right of plaintiff to a discovery, inspection and examination to prepare for his objection upon the trial to establish the authority of the defendant's secretary to execute the contract in behalf of the defendant. While the plaintiff may perhaps establish that fact *prima facie* by the allegations contained in the defendant's counterclaim and the defendant be required to proceed with the evidence, the affirmative burden remains, of course, with the plaintiff.

On the other hand, the burden is upon the defendant to establish that it had no surplus available. (*Richards* v. *Wiener Co.*, 207 N. Y. 59.) The general rule above quoted would prohibit the examination by the plaintiff as to that defense as he has not the affirmative. The exceptional circumstances which, according to the various authoritative decisions, call for a relaxation of that general rule, have developed so rapidly as to almost emasculate the rule notwithstanding its frequent reaffirmance. One of the latest exceptional cases is *Caskie* v. *International Railway Co.* (230 App. Div. 591). There, one of the reasons given for the relaxation of that rule is that " the relation of the plaintiff with the Philadelphia Rapid Transit Company will not necessarily be covered by the plaintiff in making his direct case, and the neces-

sity under the pleadings of producing proof as to this will, in the first instance, fall upon the defendant." One may instantly conjure many hypothetical cases where one litigant would not in his defense so cover the issues raised by such defense that a necessity would fall upon his opponent to produce proof in the first instance. Surely this case falls squarely within that exception. The defendant, in order to establish that there was no available surplus, may simply offer its books and records, or a portion thereof. The burden will fall upon the plaintiff to produce proof, if existent, that there was a surplus and in order to do so, is entitled to an inspection and discovery of all the defendant's books relating to that subject, together with the examination before trial of the defendant's officers for the same purpose. He should not be compelled to await the trial to discover the truth. (*Marine Trust Co.* v. *Nuway Devices, Inc.,* 204 App. Div. 752.)

Plaintiff is entitled to a discovery, inspection and examination as set forth in his notice of motion. Orders may be so entered, with costs to the plaintiff in each motion.