THE PUBLIC NATIONAL BANK OF NEW YORK, Respondent, v. THE NATIONAL CITY BANK OF NEW YORK, Appellant.

(Argued March 1, 1933; decided April 11, 1933.)

*Carl A. Mead, Harold A. Callan* and *Frank A. F. Severance* for appellant. In an action to recover a debt, defendant has the burden of alleging and proving payment. (*Noah* v. *Bowery Sav. Bank,* 225 N. Y. 284; *Dresser* v. *Mercantile Trust Co.,* 124 App. Div. 891; *Levine* v. *Kass,* 87 Misc. Rep. 297; *Leff* v. *Security Bank,* 93 Misc. Rep. 139; *O'Neil* v. *New England Trust Co.,* 28 R. I. 311; *Deland* v. *Dixon Nat. Bank,* 111 Ill. 323; *Boney* v. *Bank,* 190 N. C. 863; Civ. Pr. Act, § 242; *White* v. *Smith,* 46 N. Y. 418; *Lerche* v. *Brasher,* 104 N. Y. 157; *Conkling* v. *Weatherwax,* 181 N. Y. 258; *Dowling* v. *Hastings,* 211 N. Y. 199.) The burden of proving non-payment of the alleged drafts is not on the plaintiff. (Neg. Inst. Law [Cons. Laws, ch. 38], § 325; *Cowperthwaite* v. *Sheffield,* 3 N. Y. 243; *Harris* v. *Clark,* 3 N. Y. 93; *Winter* v. *Drury,* 5 N. Y. 525; *Chapman* v. *White,* 6 N. Y. 412; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Van Alen* v. *American Nat. Bank,* 52 N. Y. 1; *Viets* v. *National Bank of Troy,* 101 N. Y. 563; *O'Connor* v. *Mechanics Bank,* 124 N. Y. 324; *Lunt* v.

*Bank of North America,* 49 Barb. 221; *Hentz* v. *National City Bank,* 159 App. Div. 743; *Lipten* v. *Columbia Trust Co.,* 194 App. Div. 384; *First Nat. Bank* v. *Whitman,* 94 U. S. 343.)

*Sam L. Cohen* for respondent. Plaintiff has the burden of proof as to its balance in defendant's branch. (*Shattuck* v. *Guardian Trust Co.,* 204 N. Y. 200; *Stokes* v. *Stokes,* 155 N. Y. 581; *Conkling* v. *Weatherwax,* 181 N. Y. 258; *Knapp* v. *Roche,* 94 N. Y. 329; *Altman* v. *Bungay Co.,* 161 App. Div. 583; *Bremer* v. *Ring,* 146 App. Div. 724; *Acharan* v. *Samuel Bros.,* 144 App. Div. 182; *Newburger* v. *State Bank,* 70 Misc. Rep. 46.) Under the practice in the first department of the Appellate Division, defendant has no right to examine plaintiff before trial. (*Matter of Schwartz,* 127 Misc. Rep. 452; *Curtis* v. *Searles,* 206 App. Div. 287; *Siede* v. *Newkirk,* 148 App. Div. 866.)

CRANE, J. The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. Thus, a defendant may, under proper conditions, have an examination of a plaintiff, even though the answer contain no affirmative defenses and only general denials. In other words, the matter is discretionary with the court, although we recognize the wisdom of the practice adopted in the Appellate Divisions for the guidance of this discretion, and which confines the examination of a party to the occasion where it is necessary or useful in establishing the plaintiff's case or an affirmative defense, thus preventing the so-called fishing expedition to get evidence.

The Civil Practice Act, section 288, says: "Any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of *any other party* which is material and necessary in the prosecution or defense of the action."

The courts, in the exercise of their discretion, have placed a limitation upon this section, but no words of limitation are to be found in the section itself, except that the deposition must be material and necessary for the plaintiff or for the defendant, that is, for the prosecution or the defense of the action. As early as 1888, this court said, in *Herbage* v. *City of Utica* (109 N. Y. 81), regarding examinations of a party before trial, under section 870 of the Code of Civil Procedure: " The cases cited by the respective counsel show that the practice in relation to the subject is not uniform throughout the various departments of the Supreme Court, but we are of opinion that a party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense set forth in favor of the party desiring that examination. The order appealed from was so limited, not according to the discretion of the court, by which it might have been restrained, but because, as appears by the order, the court was of opinion that it had no power to order otherwise."

Evidently the courts below, in the case now before us, have allowed a practice, governing the exercise of discretion in its general application, to crystallize into a rule of law, that an examination of a party plaintiff before trial cannot be had except to establish an affirmative defense.

The Public National Bank of New York, in this action, sues The National City Bank of New York, to recover deposits which it had with the defendant in its Petrograd branch. It further alleges in the complaint that drafts, drawn upon this account, in favor of one Louis K. Hyde, were never presented for payment, and that these amounts augment the balance on deposit. The defendant not

only alleges payment, or partial payment, but sets forth facts showing that all its books and papers and records of these transactions have been confiscated and destroyed by the Russian government in possession, and that it is necessary to examine the plaintiff and its books, or the officers conversant with the accounts, in order to show their actual condition and prepare for trial.

Both counsel on this appeal have argued this case as though the right to such an examination was entirely dependent upon whether the defendant had the burden of proving payment. Such was the ruling of the court in denying the motion. The examination, however, is not dependent, as a matter of law, upon any such burden or upon the question of who has the affirmative of proof. The whole matter is within the discretion of the court. The judge, to whom this application was made, could, in the exercise of his discretion, have granted the examination, even though the burden of proving non-payment was upon the plaintiff, and the defendant had pleaded merely general denials. In other words, to repeat, the examination of a party, irrespective of the nature of the pleadings or the burden of proof, is a matter resting in the sound discretion of the court.

Under the circumstances as here developed by the defendant in its affidavits, where all its records and property had been confiscated and it is at the mercy of third or interested parties to establish any defense, the judge might very properly have permitted an examination of the plaintiff or its officers having knowledge of the transactions, with such limitations as would safeguard its interests. The judge, in denying the examination, said: " Motion for examination is denied on the ground that plaintiff has the burden of proof on the matters sought to be examined upon and defendant may offer proof thereof under a general denial." This means, as in *Herbage* v. *City of Utica* (*supra*), that the judge denied the examination as a matter of law because defendant had not pleaded

an affirmative defense, or such a defense as to cast upon it the burden of proof. That the discretion of the court is not so limited has been the ruling in other cases in the first department. (*Alden* v. *O'Brien*, 138 App. Div. 249; *Lawson* v. *Hotchkiss*, 140 App. Div. 297; *Shaw* v. *Samley Realty Co.*, 201 App. Div. 433.)

As to the second department, *Oshinsky* v. *Gumberg* (188 App. Div. 23) stated the rule to be that an applicant can have an examination only to prove his own case, although exceptions are recognized. The court has exercised its discretion in refusing to allow an examination by a party on an issue in which he did not have the affirmative, in *Jannotta* v. *Bestmor Realty Corp.* (221 App. Div. 870); *Parkin* v. *Unity Protective Ins. Assn.* (218 App. Div. 842); *Kimball* v. *Budd Co.* (215 App. Div. 724), and *O'Boyle* v. *Home Ins. Co.* (226 App. Div. 767).

The third department, taking a more liberal view, has stated in *Combes* v. *Maas* (209 App. Div. 330) that the court, in its discretion, could, at the instance of a party litigant, order a general examination of his adversary before trial, and need not limit the examination to an issue on which the moving party has the affirmative. The court said: " The limitations stated in cases under the Code of Civil Procedure upon the right to examine an adverse party were intended to assist the court in exercising its discretion and were not absolute rules which must be followed. And we hold that, under the Civil Practice Act, the examination need not be limited to those issues of which the moving party has the affirmative."

And the fourth department has taken much the same attitude in *Marine Trust Co.* v. *Nuway Devices, Inc.* (204 App. Div. 752); *Caskie* v. *International Ry. Co.* (230 App. Div. 591), and *Green* v. *Selznick* (220 App. Div. 12).

All these cases emphasize the *power* of the court to permit an examination of a party before trial, when

material and necessary, irrespective of who has the affirmative, although, as a general rule, governing the exercise of discretion, the court will deny the application, unless the testimony be necessary to prove the claim or an affirmative defense.

It may be possible to read the order of the Special Term as denying the application in an exercise of discretion, but whether we consider it a discretionary denial or a denial as matter of law, the result is the same, so far as this court is concerned. We have no power to review an order by answering questions which are not final in their nature. If the examination has been denied, as matter of law, because the defendant did not have the affirmative, and we reverse, the Special Term may yet deny in its discretion. If it has been denied solely as a matter of discretion, because the defendant did not have the affirmative, we cannot review a discretionary order and, besides, the power still remains with the Special Term to allow the examination in any case. The special circumstances may appeal to the court as an exception to the general rule guiding discretion upon a renewal of the motion. An answer to the question, therefore, certified to us by the Appellate Division, does not finally determine this matter, that is, the right of the defendant to an examination of the plaintiff. The question is: " Has the plaintiff or the defendant the burden of proof on the matters sought to be examined upon?" As the burden of proof is not determinative as matter of law of the right to examine the plaintiff before trial, our answer might be instructive but would not settle the defendant's motion. The courts below would have the right and the power to ignore the answer and grant or deny the examination in their discretion.

We do not consider an appeal, upon questions certified to us by the Appellate Division, unless the answers to such questions will be decisive of the correctness of the order or judgment appealed from. (*Gray* v. *Vought & Co.*, 243 N. Y. 585.) If the answers to the questions

certified will not be decisive of the appeal, the appeal will not be entertained. (*Bowlby* v. *McQuail*, 240 N. Y. 684, see, also, *Schieffelin* v. *Hylan*, 229 N. Y. 633.) Even if we should hold that the Special Term had denied this application as matter of law, not in the exercise of discretion, our reversal would not give the defendant the examination, as the judge might then deny it, in the exercise of his discretion. Our answer to this certified question would merely settle the academic question of the burden of proof under the allegations of these pleadings. Whichever way we answered it, the discretion would still remain in the Special Term and the Appellate Division to grant or refuse the examination.

For these reasons the question certified cannot be answered, and the appeal should be dismissed, without costs.

POUND, Ch. J., KELLOGG, O'BRIEN and CROUCH, JJ., concur; LEHMAN, J., dissents; HUBBS, J., not voting.

Appeal dismissed.