LAWRENCE J. MURPHY, Plaintiff, *v.* AMERICAN HAWAIIAN STEAMSHIP COMPANY, Defendant.

City Court of New York, Bronx County, September 12, 1933.

*James E. Freehill,* for the motion.

*John J. Heckman,* opposed.

DONNELLY, J. Plaintiff alleges that the damage claimed herein was caused by the negligence of the carrier. His counsel insists, and I agree with him, that the plaintiff will be obligated to establish negligence on the part of the carrier. (*Nichols & Co., Inc.,* v. *Compania Trasatlantica,* 218 App. Div. 660; affd., 245 N. Y. 624.)

I should hesitate to agree with the statement of plaintiff's counsel, that the Court of Appeals has recently and finally settled the interpretation to be given to section 288 of the Civil Practice Act. (*Public National Bank* v. *National City Bank,* 261 N. Y. 316.) In the case just cited the plaintiff sued to recover certain deposits which it had with the defendant at its Petrograd branch. In its complaint it alleged the non-payment of the deposits in question.

The defendant's answer was a general denial. It sought an examination before trial of the plaintiff as to payment. This was denied upon the grounds that the examination was not sought to establish an affirmative defense, and that the burden of proving non-payment was upon the plaintiff. (*Public National Bank* v. *National City Bank*, 237 App. Div. 803.) The Court of Appeals rejected this reasoning. It held that the granting of an application to examine a party before trial is, under proper conditions, discretionary with the courts, even though the burden of proof is upon that party. In the case now discussed, however, it is apparent that at least one of the reasons that actuated the court's decision was the fact that the party seeking the examination had no other means of establishing its case than by the examination of its adversary. In such circumstances, it was felt that the discretion of the court below would have been properly exercised had it granted the application. At bar, the facts which plaintiff seeks to obtain from the defendant are in his possession. This sufficiently appears in the affidavit submitted in opposition herein and in the copy annexed thereto of the answers to the interrogatories verified by the president of J. V. Lane & Co., Inc., one of the assignees of the claim in this action. For these reasons, I doubt if *Public National Bank* v. *National City Bank* (*supra*) has reconciled the conflicting decisions in the First and Second Judicial Departments on motions by plaintiffs to examine defendants before trial in negligence actions. In actions other than those in which the recovery sought is for negligence, it is true that the party who applied for the examination has not always been precluded because the facts he sought from his adversary were in his possession. But in negligence actions, such examinations thus far have been limited in this department to those instances in which ownership or control or both have been denied, or to those occasions in which special circumstances made it imperative that in the interest of justice the application should be granted.

Motion denied.