Isidor Rubin, Plaintiff, *v.* The Maryland Casualty Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Third District, January 18, 1934.

*Lyman Stansky,* for the plaintiff.

*James J. Mahoney,* for the defendant.

Lewis, David C., J. Guided by the instructive opinion of the Court of Appeals in *Public National Bank* v. *National City Bank* (261 N. Y. 316), one finds the allowance of an examination before trial upon the general issues resting in the lap of judicial discretion. The courts, like individual judges, have differed in the exercise of this discretion.

But one senses a desire on the part of the courts to follow certain common reasons, though not bound by any common rule.

In the case at bar the existence or non-existence of the liability policy at the time of the accident is the decisive factor. The defendant pleads that the policy was canceled ten days prior to the accident. And, unless the plaintiff is allowed to prepare to meet this defense, he will be unable to meet it.

Here is an instance where preparation is not only useful but also material and necessary. And though the court should not open the door to exploration of a defendant's evidence, it must not close the door to the only practical way for the plaintiff to prepare to meet the defendant's claim.

If upon the trial of this case the defendant's claim of cancellation goes unanswered, it will destroy the plaintiff's cause of action. The examination should be allowed, therefore, in so far as it is necessary to put the plaintiff in a position to prepare to meet the defense of cancellation. For these reasons the examination should be allowed as to the following items: That on said day said policy was outstanding; that no part of the premium on said policy had been refunded or repaid to the said Jacob Marks; that the said

Jacob Marks had not surrendered said policy; that the said Jacob Marks had not sent or given any notice of cancellation or termination or surrender of said policy, and that the defendant had not received from the said Jacob Marks any consent to the surrender or cancellation of the same.

The particulars of the defendant's contention of cancellation should be properly set forth in a verified bill of particulars. And if such particulars reveal or disclose a situation calling for the further exercise of discretion by the court, the matter can then be again taken up.

If a bill of particulars has not been served, appropriate provision can be inserted in the order.

Is it not time for the law to shake off the remnants of any fear complex against an early disclosure of the facts, by both sides to a litigation, and no longer let that bugaboo prohibit a full examination before trial?

Motion granted as indicated. Submit order on one day's notice.