In the Matter of the Estate of HELEN M. RIORDAN, Deceased.

Surrogate's Court, Kings County, March 4, 1937.

*Eugene Fay* [*Frederick A. Keck* of counsel], for the proponent, William S. Riordan.

*S. Romaine Wiley* [*William M. Kilcullen* of counsel], for the contestant.

WINGATE, S. The present motion seeks to limit the scope of the examination before trial of the proponent of the present will by the objectant. No fault is found with the second proposed subject of the examination. The first and third, at which the application is directed, read:

" (1) Relationship which existed between William S. Riordan and decedent, *and the trust reposed in him and opportunity to influence decedent.*" (Italics not in original.)

" (3) As to decedent's mental capacity and condition, in aid of contestants' charge of fraud, undue influence and lack of freedom from restraint."

The movant objects to the inclusion of the italicized words in " (1)," and to " (3) " in its entirety.

Whether or not trust was reposed in the named individual by the decedent is obviously merely a conclusory inference to be deduced from a demonstration of her actions in connection with him. Likewise whether or not he had opportunity to influence her is to be deduced from her relations with him. What are important in this connection are the basic pertinent facts. Whether or not

the inferences which the objectant desire to have drawn therefrom will be indulged, is solely a question for the triers of the facts. The italicized words will accordingly be eliminated.

For the propriety of the third subject of inquisition, the objectant relies upon certain language of this court in *Matter of Chinsky* (150 Misc. 274). She overlooks, however, the fact, pointed out in some detail at page 278 of the opinion, that an extremely unusual situation was disclosed in that litigation. The objectants there were " non-resident aliens who, in the natural course of events, could know little or nothing of the affairs of the decedent," for which reason this court felt " that under the circumstances * * * the fullest possible disclosure should be made."

In the case at bar the situation is materially different. The objectant is fully informed as to the mental and physical condition of the decedent as is demonstrated by the categorical statements contained in her affidavit in opposition to the present motion. There is accordingly no necessity for the intervention of the court in the present instance in order to place the parties on a parity for the furtherance of the ends of justice.

Whereas it is unquestionably true that a person in a state of physical or mental impairment is a more easy victim of fraud or undue influence, a demonstration of the possession of reasonably normal faculties is a part of the proponent's affirmative case and not of that of the objectant. Under the authority of *Public National Bank* v. *National City Bank* (261 N. Y. 316, 320), " the examination of a party, irrespective of the nature of the pleadings or the burden of proof, is a matter resting in the sound discretion of the court."

To this court, it appears to be the wiser course to deny inquisition into questions like the present in which a preliminary burden of a demonstration rests on the opponent, in the absence of a showing of such extraordinary facts as seem clearly to indicate that the application of such rule would work a serious handicap to the attainment of the ends of justice.

The motion is accordingly in all respects granted.

Enter order on notice in conformity herewith.