SOIEFER FARMS, INC., and BEVERUTH REALTY CORP., Respondents, v. QUINCY MUTUAL FIRE INSURANCE COMPANY, Appellant; BECKIE RUBINOWSKY, Defendant.— In an action brought by plaintiffs, here respondents, to recover from the defendant insurance company, here appellant, upon certain insurance policies for loss of real and personal property destroyed by fire, order granting plaintiffs' motion for an examination of the appealing defendant before trial and directing the production of documents by the defendant upon the examination, modified by striking out item 3 in the second ordering paragraph and by striking from the last ordering paragraph the words " concerning the transactions involved in this suit " and substituting therefor the words " concerning these matters." As so modified, the order, in so far as an appeal is taken therefrom, is affirmed, with ten dollars costs and disbursements to appellant. Even under the liberalized rule governing such examinations (Public National Bank v. National City Bank, 261 N. Y. 316), the order, in so far as appealed from, should not have been granted in the exercise of sound discretion. (Siebros Finance Corporation v. Fire Assn. of Philadelphia, 223 App. Div. 707.) Manifestly the examination was not sought by the plaintiffs in good faith and there is presented merely a proposed attempt

on the part of plaintiffs to cross-examine defendant on matters relating to an affirmative defense. The examination may proceed on five days' notice at the place and hour stated in the order. Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ., concur.

TIMOTEA UGALDE, Respondent, v. JOSEPH UGALDE, Appellant.— Judgment for plaintiff in an action for separation on the ground of cruelty, awarding plaintiff the custody of the child and directing defendant to pay twelve dollars a week for the support of plaintiff and the maintenance of the child, unanimously affirmed, with costs. In view of the fact that the court struck out all the testimony concerning what happened prior to October, 1927, finding No. 4 should be modified by striking out the words "That during all the years that plaintiff has been the wife of the defendant, she" and substituting therefor the words "Since October, 1927, plaintiff." Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.