In the Matter of the Rehabilitation of LAWYERS TITLE AND GUARANTY COMPANY (2525 Church Avenue, Brooklyn). LOUISE BOCKER et al., Appellants; TITLE GUARANTEE AND TRUST COMPANY, as Trustee, Respondent.— No opinion. Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ., concur.

In the Matter of the Will of WILFORD WOOD, Deceased. HARRIET W. COKER, Appellant; AMANDA WEBSTER, as Executrix of WILFORD WOOD, Deceased, Respondent.— Close, P. J., Carswell, Johnston, Taylor and Lewis, JJ., concur.

EARL J. MARCH et al., Appellants, v. CARBIDE AND CARBON CHEMICALS CORPORATION, Respondent.— Error was committed in failing to charge the *res ipsa* doctrine, and in refusing to charge that propane gas is a dangerous substance and that defendant was obligated to exercise a degree of care in the installation of the cylinders and equipment and the maintenance thereof commensurate with the danger of the escape of such gas. (*Schmeer* v. *Gas Light Co.*, 147 N. Y. 529, 540; *Bell* v. *Brooklyn Union Gas Co.*, 193 App. Div. 669, 670; *Webster* v. *Richmond Light & Railroad Co.*, 158 App. Div. 210, 214.) The provision in the contract to the effect that defendant need not make inspections in no way served to relieve it of its obligation with respect to the exercise of reasonable care, particularly in the light of the provision in the contract forbidding the customer from taking care of the equipment. If the jury accredited the proof adduced by plaintiffs, they should have had the benefit of a charge to the effect that where an accident happens which, in the ordinary course of business, would not have happened if the required degree of care was observed, the presumption is that such care was wanting; and if the jury found that the accident was one which, in the ordinary course of business, would not have happened if the required degree of care was observed, they had the right to presume such care was wanting. ( *Griffen* v. *Manice*, 166 N. Y. 188, 192, 195; *Fullerton* v. *Glens Falls Gas & Electric Light Co.*, 157 App. Div. 191; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108.) Close, P. J., Hagarty and Taylor, JJ., concur; Carswell and Lewis, JJ., dissent and vote to affirm on the ground that defendant's negligence was an issue of fact which the jury resolved in defendant's favor; and further, that at the time the accident occurred the gas tanks were, in fact, not in defendant's exclusive control and, hence, the doctrine of *res ipsa loquitur* is inapplicable.