VINCENT DE DOMINICIS, Plaintiff, *v.* RAY W. MOORE, Doing Business under the Name of SHELMIDINE & MOORE, et al., Defendants.

Supreme Court, Onondaga County, May 3, 1943.

*J. Norman Crannage* for plaintiff (for motion in Motion No. 1 and opposed in Motion No. 2).

*Lewis C. Ryan* for Ray W. Moore, defendant (opposed in Motion No. 1 and for motion in Motion No. 2).

*William B. Mangin* for Folsom, Marsala and DeBovis, defendants (opposed in motion **No. 1** and for motion in motion No. 2).

SEARL, J. The complaint and moving papers indicate that on July 3, 1942, plaintiff delivered his motor vehicle to defendant Moore, at Adams, N. Y., with instruction to make certain repairs thereto. Plaintiff claims Moore agreed to do the work in a good and workmanlike manner; that pursuant to this arrangement, Moore and the other defendants, having a place of business in Watertown, N. Y., undertook to make the repairs but failed to perform them in such good and workmanlike manner. The complaint further alleges that thereafter and on the 12th day of July, 1942, while plaintiff was operating this motor vehicle near Palatine Bridge, N. Y., it left the highway, causing severe personal injuries to plaintiff. It is claimed that the repairs were negligently made by the defendants and that the defective workmanship was the cause of the accident.

The answers of defendants are general denials.

Under the authorities, plaintiff having indicated that the information sought to be obtained is necessary and material, the examination should be allowed, especially in view of the fact that ordinarily the average owner of a motor vehicle leaving the same at a garage for the purpose of repairs has no personal knowledge of the manner or extent of the work actually performed. (*Levin* v. *Holzman,* 222 App. Div. 767; *Standard Bank* v. *American Union Bank,* 203 App. Div. 613.)

Likewise, in this instance, defendants have a good reason to demand an examination of plaintiff. They argue that inasmuch as plaintiff claims that his motor vehicle was rendered out of control because of a condition brought about by the manner in which defendants repaired the front end of the automobile, causing one of plaintiff's front tires to be perforated and to blow, sending the car off the road, defendants are entitled to know all about the use of the car from the time it left defendants' repair shop up to and including the subsequent accident on July 12, 1942.

The right to examine plaintiff is warranted by ample authority and Motion No. 2, made by defendants, is granted. (*Public National Bank* v. *National City Bank,* 261 N. Y. 316; *Marine*

*Trust Co.* v. *Nuway Devices,* 204 App. Div. 752; *Green* v. *Selznick,* 220 App. Div. 12; *Caskie* v. *International Ry. Co.* [No. 2], 230 App. Div. 591.)

There is still another feature to be disposed of. Defendants ask that they be permitted to examine the plaintiff before they submit to an examination.

As the plaintiff makes the first move in serving a summons and framing a complaint and thereafter must carry the burden by way of proof, a burden that never shifts, the more logical conclusion is that the plaintiff should be first entitled to proceed with the examination of the defendants. Since the plaintiff must fail unless he successfully bears the burden, it would naturally follow that he be given the tools and sinews of war with which to carry on. Were we to hold otherwise we would force the party bearing the load to be an object of inquisition. In other words, from the start the plaintiff should not be forced to wage an offensive and a defensive campaign simultaneously. The instant case is but an apt illustration. Plaintiff evidently left his broken car with a concern that held itself out as able to make repairs, then the plaintiff returned in due time, paid his money and drove his car out. If he was not a mechanic himself, presumably he had no notion of what had been done outside of what he could actually see. He had no knowledge as to when, where, how, or by whom the work had been done. Apparently the car was left at a garage in Adams, and part of the work was done by mechanics or subcontractors in Watertown.

Defendants properly claim that the car might have been in another accident between the date when it was delivered to plaintiff and the date of the last accident on July 12th. In all fairness, they should be permitted to examine plaintiff as to the manner of its use in the meantime. However, in point of time, the repairs made by defendants, from which negligence is charged, came first. Then the application for examination of defendants preceded in point of time that made to examine plaintiff, although both motions came on to be argued at the same time.

Still another reason why defendants should be examined first is the fact that plaintiff must prove in this case causal relationship between the alleged negligent work on the car and the subsequent accident. The burden rests on plaintiff to show that the condition which existed at the time he received the car was not only caused by defendants' acts but that no change in conditions had occurred from the time of delivery until the

subsequent accident occurred. As stated in *Sands* v. *Comerford* (211 App. Div. 406), dealing with the question as to whether a bill of particulars would serve the purpose of an examination of plaintiff, " All of the subjects particularized in the notice in this case have reference to the affirmative proof which the plaintiff must produce to establish his alleged causes of action. It is only under exceptional circumstances that an examination will be allowed in relation to such adverse party's own case. (*Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503.) "

In the instant case, the court is permitting the examination of plaintiff because of such exceptional circumstances. (This precise question has not been squarely passed upon in any cited cases.) The court can find no reason for reversing the usual and recognized order of proof.

The examination of the defendants should be held in the city of Watertown, N. Y., to conserve all time possible during the emergency. Order accordingly.