In the Matter of the Probate of the Will of MAMIE KREUTZBURG, Deceased.

Surrogate's Court, Kings County, November 1, 1945.

*Myron M. Fineman* and *Benjamin C. Ribman* for contestant.
*Le Roy S. Perkins* for proponent.

McGAREY, S. This motion focuses attention upon a problem about which there seems to be considerable confusion among

the legal profession. The problem is the right of one party to a proceeding to take by deposition his own testimony or that of any other party which is material and necessary to the prosecution or defense of the action. That right is granted by section 288 of the Civil Practice Act, the provisions of which are made applicable to proceedings in the Surrogate's Court by section 316 of the Surrogate's Court Act.

The problem most frequently arises in contested probate proceedings where examination is sought as to the facts and circumstances surrounding the execution of the propounded document and the mental capacity and physical condition of the decedent at or about the time of its execution. Objection is frequently made to such examination because the proponent has the burden of proving testamentary capacity and due execution. This objection is usually prompted by the form or phraseology of the item as to which examination is sought. In the absence of exceptional circumstances, no party is entitled to an examination of another party to the proceeding unless the items upon which the examination is sought are material or necessary to its prosecution or defense. Unless exceptional circumstances are shown, there is no right to an examination as to testamentary capacity or due execution if there are no allegations of fraud and undue influence. However, where there are allegations of fraud and undue influence, it would seem not only proper, but necessary, that the contestant be enabled to examine the proponent or any other party to the proceeding as to the execution of the propounded document and the mental capacity and physical condition of the decedent at or about the time of its execution. This examination is not granted as to proponent's affirmative case, but rather in support of the contestant's allegations of fraud and undue influence. The mental capacity and physical condition of a decedent, as distinguished from testamentary capacity, have a distinct bearing upon the susceptibility of the decedent to fraud and undue influence, and any attorney or any party in the preparation of his case based upon fraud or undue influence should inquire into the mental capacity and physical condition of the testator to develop the facts relating to testator's susceptibility to fraud and undue influence or other imposition, and similarly, the facts and circumstances attendant upon and surrounding the preparation and execution of the propounded document bear on the allegations of fraud and undue influence. Who was present, what took place, how the testator acted, what was said, are all material and necessary to the establishment of fraud and undue influence.

The courts have recognized this right where fraud and undue influence are alleged without a showing of special, unusual or extraordinary circumstances. One of the latest decisions on the question is that of the Appellate Division in the First Department in *Matter of Korn* (265 App. Div. 987). While the decision is in memorandum form, an examination of the record on appeal and the briefs discloses that the Appellate Court had before it *Matter of Heughes* (144 Misc. 922); *Matter of Chinsky,* (150 Misc. 274); *Matter of Riordan* (162 Misc. 401); and *Public National Bank* v. *National City Bank* (261 N. Y. 316), which are most frequently cited either in support of or in opposition to the extent of the right of contestants to examine before trial in contested probate proceedings. It sustained the right of a contestant to examine the proponents as to the facts and circumstances surrounding the execution of the propounded document and the mental capacity and condition and physical condition of the decedent prior, at and subsequent to the time of its alleged execution in aid of contestant's affirmative defenses of fraud and undue influence, despite the absence of allegations in contestant-appellant's moving affidavit of special or unusual circumstances. The proponents-respondents argued that the granting or denial of an examination lies in the sound discretion of the court, citing the *Public National Bank* case (*supra*), and should not be disturbed in absence of a clear abuse of discretion, but the Appellate Division nevertheless reversed the order of the Surrogate. The learned Surrogate in the *Korn* case (*supra*) subsequently noted the impact of the appellate holding when he stated in *Matter of Tanner* (185 Misc. 994) that by that decision " the practice which theretofore had been followed of denying to objectant who alleged undue influence a right of examination into the mental capacity of the deceased at the time of the execution and publication of the propounded will was held invalid and an examination by a contestant into that subject matter was allowed."

As noted above, the confusion has generally resulted from the form in which the items upon which the examination sought are stated. This is clearly brought to light in the recent decision of the Appellate Division of this Department in *Matter of Wood* (265 App. Div. 1064) where a proponent in a contested probate proceeding had been permitted by the Surrogate to examine the contestant on two items as to which she clearly had the burden. These items were substantially as follows: Whether or not the deceased was of sound mind, memory and understanding and mentally capable of making a will on the date

of the execution of the propounded document; whether or not he knew the contents of such propounded document and whether or not it expressed his intention. The Appellate Division unanimously reversed the order of the Surrogate granting the examination, without prejudice to renewal, stating that although the respondent was entitled to the examination she was not entitled to examine upon the subjects of inquiry suggested. Following this decision, the learned Surrogate of Westchester County in *Matter of McAvoy* (N. Y. L. J., May 6, 1944, p. 1773, col. 3) declined to permit an examination by a proponent on an item identical in form, stating, " The granting of the examination in the conclusory form requested would be improper ", citing *Matter of Wood (supra)* but granted the motion to the extent of permitting the contestants to be examined " as to all relevant facts and circumstances relating to the decedent's mental condition at the time of the alleged execution of the propounded writing."

The court has felt it necessary to go to greater length in this decision than it usually does in an endeavor to establish a uniform practice with respect to motions for examinations before trial in contested probate proceedings similar to that which its predecessor so well established as to bills of particulars in its decision in the *Matter of Mullin* (143 Misc. 256).

The wording of the notice of examination as to items 1 to 6, inclusive, and as to item 9 is improper in form, but the contestant is entitled to an examination as to matters embraced in those items and will be granted the right to inquire in aid of his allegations of fraud and undue influence as to all relevant facts and circumstances attending the alleged execution of the propounded document and as to the mental capacity and physical condition of the decedent at, immediately prior and subsequent to the time of the alleged execution. He is also entitled to examine as to items 7 and 8 which relate to fraud and undue influence. The inquiry will be limited to the period beginning three years before the date of execution of the propounded instrument and ending with the date of decedent's death *(Matter of Frank, 165 Misc. 411, affd. 253 App. Div. 707)*.

At first glance, the decision in *Matter of Riordan* (162 Misc. 401, *supra*) may seem to be in conflict with the rule herein stated. However, the result reached was clearly based upon an exercise of discretion by the court under the facts and circumstances there existing. It should not be extended in its application and its effect has been limited by the decision in *Matter of Korn* (265 App. Div. 987, *supra*).

Submit order, on notice, in accordance herewith.