LUDWIG TROENECKER, Plaintiff, *v.* ALBERT G. STAGER, Defendant.

Municipal Court of the City of Syracuse, September 30, 1949.

*Norbert L. Abend* for defendant.

*George H. Van Lengen* for plaintiff.

SKERRITT, J. This is a motion by defendant to vacate plaintiff's notice for examination before trial of the defendant and two members of his family, one being his wife, the other his mother. Plaintiff claims that he is entitled to this examination under the " special circumstances " clause of section 288 of the Civil Practice Act.

In this negligence action for damages to plaintiff's automobile the plaintiff claims that the car was being driven by defendant with plaintiff's consent; that the accident, which occurred in Orange County, New York, was caused by defendant's negli-

gence; and that plaintiff seeks to examine these persons as to " all circumstances pertaining to the accident ".

These persons are in good health, reside in Syracuse, and neither of them is about to leave the State. The " special circumstances " are that said persons are the only witnesses to the accident, and may be hostile to the plaintiff. Plaintiff contends that such hostility should be presumed from the family relationship, and the fact that the wife and mother sued the plaintiff a year ago in Supreme Court for their personal injuries in this accident, and received a settlement.

Plaintiff's right to this examination is largely within the discretion of the court. The fact that plaintiff has the burden of proof is important but not decisive. In the exercise of this discretion there are two main points to consider,— necessity and good faith. In the leading case (*Public National Bank* v. *National City Bank*, 261 N. Y. 316) the Court of Appeals briefly reviews the practice in the four departments of the Appellate Division, and notes that the First and Second Departments have tended to limit the examination to matters on which the applicant has the burden of proof; that the Third and Fourth Departments have taken a more liberal view; and that all departments properly recognize the broad rule of discretion. (See, also, McCullen on Examinations Before Trial, pp. 174–183, 207, 258–268; 4 Carmody on New York Practice, [2d ed.], §§ 1237–1239; 4 Wait's New York Practice [4th ed.], pp. 103–107.)

In a negligence action, however, discretion often limits the scope of this examination. Otherwise it might be merely a fishing excursion, or a cross-examination of defendant in advance of the trial. But even in negligence cases a general examination is permitted where justified, as for example where the facts are largely within the knowledge of the adverse party. (4 Carmody on New York Practice [2d ed.], § 1238.)

Good faith, with reference to the plaintiff's attitude in seeking this examination, has no technical meaning. It implies integrity, and the absence of information which would make the examination unfair. To act in good faith in this case is to act with the honest intention not to take any unfair advantage. (Black's Law Dictionary [3rd ed.], p. 849; Words and Phrases, Vol. 18, pp. 478, 486.)

In the instant case I think the examination desired is within the " special circumstances " clause of section 288; that it is reasonably necessary; that it is sought in good faith; and that in this unusual case it should extend within reason to " all circumstances pertaining to the accident." Defendant's motion to vacate plaintiff's notice is denied, with $5 costs. Submit order.