LOTTIE ROSEN, Plaintiff, *v*. BENDIX HOME APPLIANCE INC. et al., Defendants.

Supreme Court, Special Term, Kings County, March 1, 1950.

*Richards W. Hannah* for Bendix Home Appliance Inc., defendant.

*L. L. Walton* for Bruno-New York, Inc., defendant.

*Martin M. Kolbrener* for plaintiff.

WALSH, J.   Defendant Bendix Home Appliance Inc., a manufacturer, moves for an examination before trial of the plaintiff who claims she was injured while operating an automatic home ironer, and also for a discovery and inspection and permission to take photographs of said ironer.

By a separate motion, defendant Bruno-New York, Inc., a distributor of the said ironer, makes a similar application for an examination before trial of the plaintiff and a discovery and inspection of the ironer.

As to the examinations before trial, the court observes that this is a negligence action in which the plaintiff has the burden of proof.   While that does not as a matter of law preclude the examination of the plaintiff before trial, it has been held in this department that an examination before trial will be granted only to the party who has the burden of proof, with some exceptions.   An examination of a plaintiff by a defendant in a negligence action is not among those exceptions.   (Tripp, A Guide to Motion Practice [Rev. ed.], pp. 159–160.)   The cases cited by defendant Bruno–New York, Inc. (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316; *Dorros, Inc.,* v. *Dorros Bros.,* 274 App. Div. 11; *Del Monte* v. *Macy*, 73 N. Y. S. 2d 53) were not negligence cases.   *Hackett* v. *Surface Transp. System* (72 N. Y. S. 2d 695) was a case where the defendant had no report of the accident and did not involve such an instrument as an ironer.

As to the discovery and inspection, the defendant Bendix Home Appliance Inc. has had an inspection and an expert examination of the ironer.

As to the examination before trial, the motions are denied. As to the discovery and inspection, the motion is granted as to Bruno–New York Inc., and denied as to Bendix Home Appliance Inc.   Settle order.