GORDON S. PARKER, Respondent, *v.* CULLER FURNITURE COMPANY, Appellant.

First Department, April 10, 1951.

*Alfred McCormack* of counsel (*Albert Rosenblum* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for appellant.

*Lawrence S. Timen* of counsel (*Otis M. Waters* with him on the brief; *Timen & Waters,* attorneys), for respondent.

*Per Curiam.* The action is to recover commissions alleged to be due upon goods shipped by defendant on orders from customers procured by plaintiff. The answer is a general denial. Defendant moved for an order to examine plaintiff as an adverse party before trial concerning his alleged employment by defendant as a salesman on commission, the services which plaintiff claims to have rendered, and the customers procured under such an agreement. The examination thus sought has been denied on the ground that the decision in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11) does not extend to the situation here presented. In support of this ruling, it is argued in behalf of respondent that by the *Dorros* decision it was not intended to afford a litigant an opportunity to cross-examine his adversary in advance of trial, even in commercial cases and upon subjects relevant to the issue in the action.

Although it was decided in *Public Nat. Bank* v. *National City Bank* (261 N. Y. 316) that there is no lack of power to direct an examination concerning the adversary's case, the tendency to deny such examinations had become ingrained in the experience of bench and bar as a guide to the exercise of discretion (e. g. *Caskie* v. *International Ry. Co.,* 230 App. Div. 591, 592; *Public Nat. Bank* v. *National City Bank, supra,* p. 318). It seemed to us in *Dorros, Inc.,* v. *Dorros Bros. (supra)* that the reasons for such a guide to discretion were no longer cogent and should not continue to be controlling in commercial litigation. We said (p. 13): " It is necessary that the party having the burden of proof go forward and make out a prima facie case in the first place, and in the end prevail by a fair preponderance of the evidence. But the defendant may not with any assurance or realism sit back and rely on the burden being elsewhere or await the development of his adversary's case before preparing to meet it. The negative in preparing for trial must be ready on trial day to meet the issue. Thus, little or no difference exists in the necessity of eliciting material evidence.''

It does not enlighten consideration of the problem to characterize the examination as '' cross-examination ''. That is a loose and rather meaningless term when applied to examinations before trial. Only in the sense that any examination of an adversary is thought of as cross-examination is the term applicable to examinations before trial, and in that sense any examination before trial of an adversary, whether by the affirmative or negative, is cross-examination. Indeed, the stock

objection to examinations by the party having the burden of proof has always been that the purpose was to cross-examine the other party, but such an objection has prevailed only when it seemed clear that the examination had no good faith purpose and was more calculated to harass and annoy the adversary than to elicit necessary and material evidence.

It may be that there is less need on occasion for an examination in behalf of the negative than in behalf of the affirmative, and where no useful purpose would appear to be served by an examination it should not be allowed in either case. The test, however, is one of necessity and usefulness, as defined in the *Dorros* case, and not one of the burden of proof.

The examination sought in this case appears to be perfectly legitimate in purpose and quite in order. It may be noted that the object of the examination is not to question the adversary concerning conduct of the moving party in which the adversary has not participated (cf. *Ecco High Frequency Corp.* v. *Amtorg Trading Corp.*, 276 App. Div. 827).

The order appealed from should be reversed, with $20 costs and printing disbursements, and defendant-appellant's motion granted.

COHN, J. (dissenting). The items upon which defendant seeks to examine plaintiff all have to do with defendant's own conduct, namely, as to whether defendant hired plaintiff and as to whether or not shipment of merchandise was made by defendant, a subject as to which the knowledge, information and records are exclusively within defendant's control. Plaintiff, in a verified bill of particulars, has already supplied defendant with all necessary information including the names and addresses of the customers and, of course, can claim no others.

As the examination is not necessary (Civ. Prac. Act, § 288) and since defendant's sole purpose is to cross-examine plaintiff in advance of trial, the Special Term properly exercised its discretion by denying the motion.

Accordingly, I dissent and vote to affirm.

PECK, P. J., CALLAHAN, VAN VOORHIS and HEFFERNAN, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and printing disbursements and the motion granted. Settle order on notice. [See *post,* p. 808.]