SOLOMON WEISSMAN, Plaintiff, *v.* HERBERT J. LAMELA et al., Defendants.

Supreme Court, Special Term, Kings County, November 1, 1951.

*Di Lorenzo & Di Lorenzo* for defendants.

*Israel & Koven* for plaintiff.

NOVA, J. In an action brought to foreclose a mechanic's lien defendants move to examine the plaintiff before trial. The defendants' answer consists of denials of the material allegations of the complaint without any affirmative defenses or counterclaims.

Plaintiff objects to the entire examination on the ground that the defendants do not have the burden of any of the items on which examination is sought but also fail to disclose the materiality for the examination.

With these contentions I am in accord. Though in the cases of *Dorros, Inc., v. Dorros Bros.* (274 App. Div. 11) and *Parker v. Culler Furniture Co.* (278 App. Div. 135) the Appellate Division in the first department has held that defendant is entitled to such an examination in commercial actions, even

though he has not the burden of proof, the Appellate Division in this department has not unqualifiedly adopted such procedure. (*Matter of Kahn*, 274 App. Div. 900; *McDougall* v. *News Syndicate Co.*, 275 App. Div. 1052.) In the absence of a categorical holding by the Appellate Division of this department contrary to the previous practice that in a case such as is now pending before this court the right to an examination generally is given to the party proving the affirmative of the issue, it would seem that the defendants' examination should be denied. The defendants in addition have failed to establish some unusual circumstances or materiality and necessity for the examination to take it out of the general rule. In any event, though a bill of particulars is not an adequate substitute for an examination before trial, the information sought to be elicited by the defendants can easily be ascertained by a bill of particulars.

Accordingly, the motion for the examination before trial is denied. Settle order on notice.