DONALD BRAND, Respondent, *v.* LAVERNE P. BUTTS and Another, Appellants.

Third Department, July 6, 1934.

*Becker, Jackson & Farone,* for the appellants.

*John M. Hotaling* [*Donald H. Grant* of counsel], for the respondent.

HEFFERNAN, J. Defendants are appealing from an order of the court at Special Term made on plaintiff's application directing their examination before trial and requiring them to produce before the court certain books and records pursuant to section 288 of the Civil Practice Act.

The action is by a husband for the alienation of his wife's affections. The defendants are the parents of the wife.

An action for damages lies on behalf of a husband against one who has enticed away or alienated the affections of his wife even though the wife's parent or parents are the wrongdoers. (30 C. J. 1118, 1119.) The basis or gravamen of the husband's right of action is not the loss of his wife's services but rather the loss of her conjugal society or consortium. (30 C. J. 1123.)

In his complaint plaintiff alleges that he married defendants' daughter on October 11, 1932, and that immediately after the

marriage defendants alienated his wife's affections from him and willfully and maliciously enticed her away and that she has since remained away and is now living with one Clara D. Hurst, her aunt, characterized by plaintiff as the agent, servant or employee of defendants. In this application for the order appealed from plaintiff filed an affidavit in which he set forth that the acts which resulted in the loss of his wife's affections were perpetrated by the aunt at the direction of defendants and as their agent.

The rationale of depositions taken pursuant to statute is founded in the old chancery practice relating to a bill of discovery, entitling the party, as it has been quaintly expressed, " to sift the conscience of his adversary." (8 R. C. L. 1131.) Under the Code of Civil Procedure, parties ordinarily were not subject to examination before trial, and one desiring to examine his adversary was required to prove circumstances justifying such procedure. The practice relative to the taking of testimony by deposition under the Code of Civil Procedure and the Civil Practice Act is entirely dissimilar. In this respect the latter act has wrought a radical change. The intent and purpose of the Civil Practice Act was to simplify the practice and to abolish the innumerable technical requirements of the Code of Civil Procedure and the General Rules of Practice. This legislation is remedial and should be liberally construed in furtherance of justice and to effectuate its provisions.

Defendants contend that the testimony directed to be taken by the order under review is not material and necessary for plaintiff in the prosecution of his suit. This contention cannot be sustained. In order for plaintiff to succeed he must establish that Clara D. Hurst enticed away and harbored his wife at the instigation of defendants. He has established a *prima facie* case. There is nothing to indicate that the applicant is not proceeding in good faith or that his real purpose is other than the procurement of testimony. The right to an order permitting depositions to be taken is not absolute but rests in the judicial discretion of the court or judge. Under our present practice the right to examine an adverse party is practically unrestricted. The court, in its discretion, may, at the instance of a party litigant, order a general examination of his adversary before trial, and need not limit the examination to an issue on which the moving party has the affirmative. (*Combes* v. *Maas*, 209 App. Div. 330.) In that case this court, speaking through Mr. Justice VAN KIRK, said: " The limitations stated in cases under the Code of Civil Procedure upon the right to examine an adverse party were intended to assist the court in exercising its discretion and were not absolute rules which must be followed. And we hold that, under the Civil

Practice Act, the examination need not be limited to those issues of which the moving party has the affirmative." That statement of the law has very recently been sanctioned by the Court of Appeals in *Public National Bank* v. *National City Bank* (261 N. Y. 317). In that case the court said: " The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. * * * The examination, however, is not dependent, as a matter of law, upon any such burden or upon the question of who has the affirmative of proof."

In the instant case the learned Special Term, as appears by its order, has fully protected defendants against possible injury or prejudice. The examination is directed to be before the court and not before a referee. The order imposes no unjust conditions. The opinion written by the learned justice in granting the order clearly indicates that he was zealous to safeguard the rights of all parties.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.