JOSEPH BREAULT, Respondent, *v.* THE EMBOSSING COMPANY, INC., Appellant.

Third Department, January 14, 1938.

*Ainsworth & Sullivan* [*John J. Conners, Jr.*, of counsel], for the appellant.

*Henry H. Koblintz* [*Max H. Zuckerman* of counsel], for the respondent.

HEFFERNAN, J. Defendant has appealed from an order of the Albany Special Term of the Supreme Court in so far as it denied its application to examine plaintiff before trial as to items 5 to 10, inclusive, set forth in the affidavit in support of its application.

Defendant is the owner of certain real property located in the city of Albany where it is engaged in manufacturing. In the

course of its business it stores and operates various machines and machinery on the premises owned by it.

In his complaint plaintiff alleges that he is a mason and steeplejack. He further alleges that while he was repairing one of the walls of defendant's premises at defendant's request, certain bricks which defendant had carelessly and negligently piled on a superstructure on the roof fell and struck him and caused the injuries for which he seeks to recover damages in this action. The answer is a general denial.

Defendant applied to examine plaintiff before trial in order to ascertain, *inter alia*, the manner in which plaintiff affixed the sky seat he was using to the wall of the building, the point at which he claims the bricks were catapulted from the roof, the place on the roof where he was working when struck, the number of bricks which he brought upon the premises for the purpose of performing his duties, and the manner in which he was doing his work at the time he was injured.

Plaintiff resisted the application on the ground that the examination would permit defendant to subject him to cross-examination and on the further ground that defendant has not the burden of proof as to the issues upon which it seeks an examination.

The only limit which the statute places upon examination before trial is that the testimony shall be " material and necessary in the prosecution or defense of the action." (Civ. Prac. Act, § 288.) In its opinion denying the defendant's application the Special Term wrote: " It is improper to permit an examination as to the details relied upon as constituting negligence."

We have recently held (*Brand* v. *Butts*, 242 App. Div. 149) that the right to examine an adverse party is practically unrestricted. All the older authorities on the subject are no longer valuable as precedents. No longer need the examination be limited to those issues upon which the moving party has the affirmative. The right to examine a party before trial is not made dependent as a matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316.) An application to examine an adverse party should not be denied where it is necessary or useful in establishing a cause of action on behalf of the plaintiff or an affirmative defense upon the part of the defendant. The time has come when courts should let it be definitely understood that the practice of examining an adverse party before trial should not be hampered by technical requirements so long as the inquiry is directed to relevant issues. The power to permit a general examination exists and the exercise of such power lies in the discre-

tion of the court. The trend of present day thought is to permit great liberality in such examinations. The court reserves to itself at all times the power to prevent so-called fishing expeditions in order to obtain evidence.

Not only was the Special Term empowered to grant defendant's application but in our opinion the exercise of a sound judicial discretion required it to do so.

The order so far as appealed from should be reversed on the facts, with ten dollars costs and disbursements, and the motion granted as to the items in question, with ten dollars costs. The order to be entered hereon shall direct plaintiff to appear for examination before a referee at a time and place to be fixed in such order.

HILL, P. J., and RHODES, J., concur; MCNAMEE and CRAPSER, JJ., concur in the result only.

Order, so far as appealed from, reversed on the law and facts, with ten dollars costs and disbursements, and motion granted as to the items in question, with ten dollars costs.

The plaintiff is directed to appear before George Skolsky, attorney at law, of the city of Albany, N. Y., at his office, for examination, on the 19th day of January, 1938, at ten o'clock in the forenoon.