HARRY KAHN and Others, as Stockholders of FIFTH AVENUE COACH COMPANY, on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* FIFTH AVENUE COACH COMPANY and Others, Appellants, Impleaded with JOHN A. RITCHIE and Others, Defendants.

MAX L. BLISS and Others, as Stockholders of NEW YORK TRANSPORTATION COMPANY, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, *v.* THE OMNIBUS CORPORATION and Others, Defendants.

First Department, June 29, 1939.

*Paul W. Williams* of counsel [*Robert M. Bozeman* with him on the brief; *Wright, Gordon, Zachry & Parlin,* attorneys for Fifth

Avenue Coach Company, John E. McCarthy, Joseph E. Ridder, Anton L. Trunk, George L. Willems and Frederic T. Wood; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys for Edwin A. Potter, Jr.; *Simpson, Thacher & Bartlett,* attorneys for John D. Hertz, Jr.], for the appellants.

*Richard Reiss* of counsel [*Abraham L. Bienstock* with him on the brief; *Max D. Steuer,* attorney], for the respondents.

DORE, J. The examination of eight defendants granted on sixty-two separate items covering a thirteen-year period and directing the production of eight specified classes of books and records covering the same period is in our opinion too broad an inquisition in the scope of the items and the period of time covered. Much of the information sought is readily available to plaintiffs from public records. Two accountants representing plaintiffs were voluntarily permitted to examine the books and records of the company a year before the action was commenced and this examination covered a period of two weeks.

The subject-matters of examination shall be limited as follows:

I. In respect to the first cause of action:

A. Concerning the knowledge and information of the party to be examined from and after August 1, 1933, of the facts and circumstances of the purchase and of the sale by Fifth Avenue Coach Company of forty-year six per cent income bonds of the New York Railways Corporation due January 1, 1965, including the financial interest if any of such party to be examined in the Fifth Avenue Coach Company, the New York Transportation Company, and the New York City Omnibus Corporation.

B. Concerning the acts and actions of the party to be examined from and after August 1, 1933, in respect to such purchase and such sale of said income bonds.

C. Items 4, 5, 16; 21, 22, 23, 24 from and after August 1, 1933; 29, 30, 33, 34 and 41 in the order appealed from are allowed.

II. In respect to the second cause of action:

D. Concerning the knowledge and information of the party to be examined of services rendered and materials furnished to Fifth Avenue Coach Company by Metropolitan Distributors, Inc., and also the acts or actions of the party examined concerning the same during the period that the party to be examined acted as an officer or director of the defendant Fifth Avenue Coach Company, subsequent to June, 1928, as to John A. Ritchie and subsequent to June, 1932, as to any other defendant.

III. In respect to the third cause of action:

E. Concerning the knowledge and information of the party to be examined of services rendered and materials furnished to Fifth Avenue Coach Company by Yellow Products Corporation and payments made therefor by Fifth Avenue Coach Company, and also the acts or actions of the party to be examined concerning the same, limited to the period of time that the party to be examined acted as an officer or director of the Fifth Avenue Coach Company, subsequent to June, 1928, as to John A. Ritchie and subsequent to June, 1932, as to any other defendant.

IV. In respect to the fourth cause of action, no examination is permitted at this time. Upon satisfactory showing, however, that plaintiffs' examination of the records of Fifth Avenue Coach Company renders any such examination material and necessary, plaintiffs may upon motion renew the application to examine on items relating to this cause of action after completion of the examination herein allowed.

V. In respect to the fifth cause of action:

F. Concerning the knowledge and information of the party to be examined of the purchase by the Fifth Avenue Coach Company of an automobile or automobiles for any of the named defendants and also the acts and actions of the party to be examined in relation thereto or in connection therewith, limited to the period of time that the party to be examined acted as an officer or director of the defendant Fifth Avenue Coach Company, as to defendants Ritchie and McCarthy subsequent to June, 1928, as to other named defendants subsequent to June, 1932.

VI. In respect to the sixth cause of action:

G. Concerning the knowledge and information of the party to be examined that contracts between John H. Livingston, doing business under the trade name of J. H. Livingston, Jr., Advertising Company, covering advertising in the motor buses of the defendant Fifth Avenue Coach Company provided for rates lower than established rates for like advertising and also concerning the acts if any of the party to be examined in connection therewith, limited to the period of time that the party to be examined acted as an officer or director of the defendant Fifth Avenue Coach Company subsequent to June, 1932.

Except as hereinabove provided all other items of the examination are disallowed.

The examination of the defendants beginning with the examination of John A. Ritchie shall proceed at such time and place as may be fixed by agreement of the attorneys in the order to be settled herein, and in the event that the attorneys cannot agree

upon the time and place of the examination it shall proceed at such time and place as will be designated in the order to be entered after settlement on notice. The examination of the defendants shall proceed successively, and with regard to matters as to which sufficient information may be procured by the examination of one defendant unnecessary repetition of such facts shall not be permitted in the examination of subsequent defendants.

Books, records and papers in the custody of the party to be examined that are material and relevant on the items allowed shall be produced and used on said examination pursuant to the provisions of section 296 of the Civil Practice Act.

The order appealed from should be modified accordingly and as so modified affirmed.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; O'MALLEY, J., dissents in part.

O'MALLEY, J. (dissenting in part). I see no justification for limiting the examination to the extent indicated in the majority decision. The tendency of the courts in recent years is to extend rather than to restrict the privilege of litigants in examinations before trial. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316; *Breault* v. *Embossing Company, Inc.*, 253 App. Div. 175.)

I am of opinion that by reason of the nature of the action, the defendants being fiduciaries and sought to be held on that theory, the examination must necessarily cover a long period of time and include many items. An examination as to matters prior to the main act complained of is proper and necessary since it is upon earlier transactions that plaintiffs base their contention that these defendants acted improvidently.

As to the individual defendants, their examination is limited to the period in which they occupied their fiduciary positions and the order and time of their examination rests with the justice then presiding in Special Term, Part II. So also with respect to the production of books and papers, it will be within the discretion of Special Term to direct their production as necessity therefor appears.

Defendants, it is to be noted, have succeeded in getting a bill of particulars of the complaint even as to those allegations which they now say are immaterial and unnecessary so that an examination should not be had thereon. Some of these items at least are claimed to be within the sole knowledge of defendants and compliance with the bill on the part of plaintiffs may be had only after an examination of defendants first had. I am of opinion, therefore, that a modification of the order in the respects hereinafter indicated is all the relief to which defendants are entitled on this appeal.

In paragraph 7 at folio 38, there should be stricken out the words " in furtherance of the scheme or plan referred to in item 6; " in item 8, same folio, there should be stricken out the quoted words " the furtherance thereof as referred to in item ' 7 ' was had and " and the word " was " interpolated. As to items 9, 11 and 12, they should be entirely stricken out as argumentative. With respect to items 35 and 58, they likewise should be stricken out as calling for ultimate conclusions of fact which must be proved by the evidence obtained under other items. Except as otherwise herein indicated with respect to specific items, the order appealed from should be affirmed.

Order modified in. accordance with opinion of DORE, J., and as so modified affirmed. Settle order on notice.