BERTHA BROWER, Plaintiff, *v.* JOHN G. MYERS COMPANY, INC., Defendant.

City Court of Albany, May 4, 1949.

*Louis R. Yaguda* for plaintiff.

*John W. Cebula* for defendant.

HERZOG, J. This is an action in negligence for injuries caused when the plaintiff fell in the defendant's store in Albany, New York, on July 22, 1948. A bill of particulars was filed by the plaintiff. Thereafter, the defendant served on the plaintiff's attorney a notice, pursuant to section 290 of the Civil Practice Act, that it would examine the plaintiff before trial upon: '' All the facts and circumstances in connection with an accident that occurred on or about the 22nd day of July, 1948, which is alleged to have caused injuries to the plaintiff.'' This is a motion to vacate the above notice.

Were this question presented to me *de novo* and I was not bound by irreconcilable authority, the motion would be granted, at least to the extent of modifying the notice served. However, this exact question has been presented to the Appellate Division of our Department in *Guy* v. *Stanley-Mark Strand Corp.* (272 App. Div. 990) where a similar motion was denied. The memorandum opinion of the Appellate Division in that case

does not reveal the facts, but an examination of the record makes it apparent that they are identical to those here. The full import and significance of this decision, which strikes so deeply at the practice of every lawyer, has been little appreciated by the profession because of the lack of any opinion setting forth the facts or the reasoning of the court. To those who happen to be familiar with it, it has been the source of great controversy and confusion, and to many it is a very potent weapon — to others, a source of fear. The decision would seem to hold that either party can be examined on all the facts and circumstances surrounding an accident or any other cause of action. Thus, when a party is served with a notice for an examination before trial, he should immediately serve the other party, demanding an examination of all the facts. The net result of this would be that, in many cases, the complete trial of an action could be had before a referee selected by one of the parties. It is not for me to say whether this is a desirable or undesirable practice. Of course, objection can always be made at the examination to questions asked, but this further complicates a procedure, which has been adopted for the purpose of simplification, by necessitating motions to the court directing answers.

Since it has been repeatedly held by higher courts that the granting of such motions rests in sound "judicial discretion" (*Public Nat. Bank* v. *National City Bank*, 261 N. Y. 316; *Breault* v. *Embossing Co.*, 253 App. Div. 175), it is, perhaps, not out of order for me to set forth briefly my reasons for stating that I would have reached a contrary conclusion. The same cases, along with *Combes* v. *Maas* (209 App. Div. 330) and *Brand* v. *Butts* (242 App. Div. 149), recognize the established rule that it is within the exclusive province of the different Appellate Divisions to permit the examination of a party, irrespective of the pleadings or the burden of proof.

However, there are certain limitations imposed by the Legislature defining the boundaries beyond which no court can transgress without trespassing upon the province of the legislative branch of our Government. They are that the testimony must be "material and necessary." There is nothing before me to show that it is material and necessary that the defendant examine the plaintiff as to *all* the facts and circumstances here; there was nothing in the *Guy* case either. In both cases, the only papers before the courts were the summons, complaint, answer, bill of particulars, notice and affidavits in support of the motion to vacate. In neither case were answering affidavits

filed to show that the examination was material and necessary. Neither contains even an allegation, in the notice demanding the examination, that it is upon the following " material and necessary " matters. The facts and pleadings are identical. Therefore, I must deny this motion to vacate, despite the fact that I am strongly inclined to agree with Justice RYAN of this department who, despite the *Guy* decision (*supra*), granted a motion to vacate, on similar facts, in the unreported case of *Sivero* v. *Nord* (Schenectady Co., March 22, 1949 [decided without opinion]) on the ground, " that the same is not in compliance with Sec. 288 of the Civil Practice Act, since the materiality and necessity for such examination are not alleged or supported by Affidavit or otherwise."

It would not be amiss to state that in the controversy which has arisen over the *Guy* decision (*supra*), there has been considerable discussion as to whether the court might not have reached a different conclusion if the motion had been made to modify rather than to vacate. This very proposition is raised in the brief of counsel for the appellant in that case. However, it would seem that the appellate court would have had the right to modify and there is no gainsaying the potency of its language: " Defendant is entitled to examine plaintiff as to the matters specified in the notice." Perhaps, however, a motion to modify would offer some excuse for distinguishing the *Guy* case (*supra*), though the thread of the argument may be as finely spun as those of the lives of the ancient Greeks, which were spun by the Fate Clotho and cut by her sister, Atropos.

Motion denied, without costs.