FRED C. EHNES, Plaintiff, *v.* RAE KRINSKY et al., Defendants.

Supreme Court, Special Term, New York County, March 7, 1950.

*J. Rosenbloom* for motion.

*Abraham Kaplan* and *Jacob M. Goldman* opposed.

EDER, J. This is a judgment creditor's suit to set aside, as in fraud of creditors, a transfer and conveyance of the sum of $2,500 made by the defendant Krinsky to the defendant Kaplan, from a special interest account in a bank in which there was on deposit to the credit of the defendant Krinsky the sum of $2,500, and it is alleged the defendants conspired to do this and participated in the scheme to defraud the creditors with the particular intent of defrauding the plaintiff, who is the assignee of the judgment which was obtained by a bank against the defendant Krinsky.

An order for the examination before trial, of the defendants, was heretofore obtained and plaintiff now moves for an order to amend the aforesaid order for examination before trial by adding two additional items thereto.

It is alleged by movant that the defendant Krinsky served a notice that she will move upon the trial of this action to include an affirmative defense that this sum of $2,500 which was transferred by her to defendant Kaplan, was the balance of the proceeds of a policy of life insurance on the life of her husband, which policy was effected by her in her favor and made payable to her and that by reason thereof the proceeds of said policy are exempt from execution and that she is entitled thereto as against the plaintiff.

Movant avers that he is informed by his attorney herein that if the defendant Krinsky can prove this affirmative defense she will probably prevail upon the trial of this action and that for that reason it is material and necessary for plaintiff to examine her concerning the manner in which said policy was effected and how it was kept in force and all the details of said policy, in order to enable plaintiff to overcome said defense.

The items sought to be included in the examination are: (1) The manner in which the policy of insurance on the life of Samuel Krinsky was effected; (2) The manner in which said policy was kept in force.

Opposition is registered upon the ground that the action herein sounds in tort, and that although the burden of proof rule, formerly the general rule in this department, was relaxed by the decision in *Dorros, Inc.,* v. *Dorros Bros.* (274 App. Div. 11), as the action herein sounds in tort, this liberality has not been applied to actions sounding in tort.

It is also contended that no special circumstances are revealed which warrants the granting of this motion and that the information to which the plaintiff is entitled concerning this defense can be obtained by way of a bill of particulars.

I regard these grounds as insufficient, that special reason is shown for the inclusion of these items for inquiry and that plaintiff is not obligated to seek the information sought solely by motion for a bill of particulars, if an examination before trial is permissible in such an action as the one at bar.

The *Dorros* case (*supra*) was a suit in equity to enjoin the defendants from using the name Dorros Brothers in the business field in which both plaintiff and defendants were engaged. The defendants obtained an order for an examination of plaintiff before trial. The plaintiff alleged that since 1932 it has used

the name "Dorros Bros." in connection with its business. The answer denied that allegation and by way of defense alleged that plaintiff had intentionally failed to use the name "Dorros Bros." in its business and had abandoned whatever rights it may have had in the name. Defendants moved for an examination of plaintiff before trial and the court granted the motion as to plaintiffs having failed to use the name "Dorros Bros." since May, 1932, and other items not needing comment. Plaintiff appealed on the ground that it had the burden of proving that it did in fact use the name "Dorros Bros." and that an examination should not be allowed to one having the *negative* of an issue.

The question concretely presented was whether an examination should be denied to the defendants because they did not have the burden of proof on the issue on which they sought to examine.

The court held that the purpose of examinations before trial is to get out the facts and that both sides should have a fair opportunity in advance of trial to garner evidence, and that under the Civil Practice Act permitting parties to elicit material and necessary testimony by examination before trial, a party who does not have the burden of proof will be allowed to examine an adversary before trial in order to obtain such testimony in aid of a cause of action or defense. In the course of its opinion the court said (p. 12): "We have decided to reconsider the problem, as relating to the burden of proof, and redefine the policy and practice in that regard in *commercial* litigation." (Emphasis, mine.)

From the fact that reference is made to *commercial* litigation, opposer herein draws the conclusion that as this action involves an alleged fraudulent transfer and conveyance, it is one sounding in *tort*, and that it is not within the category of commercial litigation.

Examinations before trial are permissible in tort actions but are restricted, more or less, in scope, depending on the nature of the inquiry sought. Tort actions are within the ambit of commercial litigation and so are equitable actions, though they may involve what is sometimes referred to as equitable fraud — a fraud of which a court of equity will take cognizance and annul and thereupon grant equitable relief to the injured party. It is a *modus operandi* by means of which equity rights a wrong.

I fail to see any reason why plaintiff is not entitled to inquire as to the matters contained in the mentioned items sought to be included by the amendment desired, nor anything in the ruling in the *Dorros* case (*supra*) which prevents it.

The motion is, accordingly, granted. Settle order.