Coon, J.
The action is in negligence and the complaint alleges that the infant plaintiff was negligently struck by defendant’s train on or about the 27th day of September, 1949, at about 10:45 a.m. The answer is substantially a general denial. Plaintiffs served a notice upon defendant of intention to examine the defendant by its engineman, fireman, conductor and brakemen before trial at a Special Term of the Supreme Court, Ulster County, on the 9th day of August, 1950, as to certain matters specified in the notice. There was no Special Term appointed to be held in Ulster County on August 9, 1950. Defendant might well have ignored the notice. However, deeming it the more orderly and proper way to proceed, defendant obtained an order to show cause, returnable at a Special Term in Ulster County on September 1, 1950, seeking an order that the notice served be vacated. The court at Special Term made an order denying the motion to vacate the notice, allowed the examination before trial with the exception of one item, and fixed a proper time and place for the examination. It is from this order that this appeal is taken.
While the court below might well have granted the motion to vacate the notice because of the technical defects therein, it was not bound to do so. It was within the discretion of the court to correct the irregularities and to allow the examination before trial without the formality of the service of a new notice and the accompanying delay. We think this discretion was properly exercised. The liberality of this department in respect to the examination of an adverse party before trial is well known and has been often repeated. Since Brand v. Butts (242 App. Div. 149) and Breault v. Embossing Co. (253 App. Div. 175), the right to such an examination is practically unrestricted. The development of this practice is traced and a thorough review of the cases is given by Mr. Justice Deyo in Slattery v. Parsons (17 N. Y. S. 2d 6). In conformity with this liberality and with the purposes for which such examinations are held it is equally important that delay be minimized. So broad is the rule that it *747 has become rather common practice, at least in negligence cases, for the parties to examine each other voluntarily by stipulation without the necessity of any formal notices. Here both parties were properly before the court with respect to an examination before trial, and the court was fully justified in correcting technical defects and directing that the examination proceed promptly.
The defendant also complains of the form of the specifications upon which defendant’s employees are sought to be examined. We think the notice as originally served and the order appealed from do not specify the subjects of inquiry in proper form. We deal with this briefly because of the growing practice of merely setting forth the allegations of the complaint in a notice to examine a defendant before trial. The present case is a good illustration of the voluminous and unnecessary material set forth in the notice in a form which frequently results in confusion and objections at the time of the examination. The notice contains eighteen specifications upon which an examination is sought. To a considerable extent they are repetitious. Nearly all of them merely assert a conclusion of the draftsman instead of indicating a subject of inquiry. The first two specifications upon which plaintiffs seek an examination here will suffice to illustrate:
“ 1. That the above-named infant was struck by a train of the defendant on or about September 27,1949, at or near the station of the defendant at Highmount, County of Ulster, State of New York.
“ 2. That the above-named infant was visible to and seen by defendant’s employees for some time prior to and at the time that he was struck by said train.”
The defendant complains that this places a party to be examined in the position of admitting or denying these assertions without an opportunity of stating the facts as he observed them. There is some merit to this contention. In any event such practice is confusing and unnecessary. It is no longer necessary to specify in detail, at least in a negligence action, each item upon which an examination is sought. This department has indicated the same liberality in this respect as it has in the subject in general. This court in Guy v. Stanley-Mark Strand Corp. (272 App. Div. 990) and Frost v. Walsh (195 Misc. 391, affd. 275 App. Div. 1017), has approved notices of examination before trial containing only a single specification covering the entire scope of the examination. We do not mean to indicate that this simplification is essential, but in negligence cases it is adequate. If, in a particular case, it be deemed advisable to specify the *748 item or items upon which examination is sought, the subject of inquiry should be set forth as such, and not in the form of a statement of fact or conclusion of the draftsman. Because we disapprove of the latter practice we modify the order appealed from as to form.
The order appealed from should be modified by striking therefrom items numbered “ 1 ” to “ 18 ” inclusive, and substituting therefor: 11 All of the relevant facts and circumstances in connection with the accident alleged in the complaint,” and as so modified the order is affirmed, without costs.
Foster, P. J., Heffernan, Brewster and Bergan, JJ., concur.
Order appealed from modified, on the law and facts, by striking therefrom items “ 1 ” to “ 18 ” inclusive, and substituting therefor: 1 ‘ All of the relevant facts and circumstances in connection with the accident alleged in the complaint,” and as so modified, is affirmed, without costs. If the parties are unable to agree upon a time and place of examination the same may be fixed by Special Term upon five days’ notice.