Nicholas M. Pette, J.
This is an examination before trial by plaintiffs of the defendant, as an adverse party. Defendant has refused to answer certain questions and refused to furnish certain factual information admittedly in his possession relating to claims hereinafter referred to, upon his asserted ground that the same are not pertinent to said examination. This court is asked to pass and rule upon the propriety thereof.
It appears that plaintiffs sold certain films (photoplays) to one Parisi, an attorney at law, for $18,000, and that the bulk of said purchase price, $13,700, was deposited with the defendant, an attorney representing said Parisi in the transaction, pursuant to an agreement of sale and an escrow agreement, both dated January 5,1955. Apparently both these agreements were prepared by defendant.
By the terms of said escrow agreement and agreement of sale, defendant, as such stakeholder, was to deliver to the plaintiffs by July 5, 1955 said sum of $13,700, unless claims were made against the films so sold. Parisi agreed to furnish plaintiffs with “ proper written notice of the claim and details thereof ” if any claims were made against said films. And the escrow agreement also provided: “In the event that any claim shall have been received by Mr. Parisi growing out of his use of the said photoplays which claims shall have been completely settled and adjusted by you [plaintiffs] prior to July 5th, 1955, then and in such event, I [defendant] will pay over to each of you the sum of $6,885.00 on July 6th, 1955, If claim is filed and unsettled *208 on July 5th, 1955, payment will be made within 24 hours after settlement.” (Emphasis supplied.)
. The defendant failed and refused to turn over said escrow funds and plaintiffs instituted this action to recover the same. Defendant interposed an answer to plaintiffs ’ complaint in which he generally denied the material allegations thereof and interposed an affirmative, separate defense whereby he alleges, in substance, upon information and belief that: Parisi suffered
losses and damage resulting from claims growing out of his use of the motion pictures purchased from plaintiffs; that Parisi has notified plaintiffs of such losses and damages, and that plaintiffs have not settled or adjusted said claims.
However, the defendant in his answer has failed to set forth any facts from which it may be determined that any claim exists against said films, nor is there any allegation that any claim has been filed or that ‘ ‘ proper written notice of the claim and details thereof ” have been furnished by Parisi to the plaintiffs, as provided by pargraph 3 of the agreement of sale. The defendant simply avers that there are such claims, but fails to set forth any facts upon which to base such conclusion. The issue raised by the pleadings herein is simply: Are there any valid claims or claim justifying the failure and refusal of the stakeholder to pay over to plaintiffs the escrow money as provided by said agreements?
As the court reads the escrow agreement and agreement of sale, the claims contemplated thereby must be interpreted and construed to mean valid and existing claims. Any other construction would permit the stakeholder, by merely asserting that there is a claim or claims, to withhold payment dehors the agreements, until the parties entitled to the escrow funds established that there are no claims or claim. Such burden of proving the negative should not be imposed simply because the stakeholder concludes that a claim or claims exist, without any factual allegations upon which such conclusion may be founded.
It requires no citation of authority for the proposition that although this is an action in assumpsit, for money had and received, equity follows the law, and any narrow construction of the meaning of the claim or claims mentioned in the agreements would only serve to foster an injustice upon the plaintiffs by depriving them of the funds to which they would be justly entitled under said escrow agreement. Furthermore, since the agreements were drawn by the defendant, an attorney representing Parisi, another attorney, equity permits the court to construe the terms used in the agreements in the light most favorable to the plaintiffs. The court also notes that the escrow *209 agreement uses the word “ filed ” when referring to the claims, from which we may properly infer that such claims would be in a form sufficient to identify the claimant, the nature of the claim and the facts upon which such claim was founded, as well as the extent thereof.
The function of the deposition of an adverse party examined as a witness is not limited in the modern practice to admissions he may make; the function of the deposition turns on the materiality and necessity for the testimony. (Vicherek v. Papanek, 281 App. Div. 498.)
The Civil Practice Act, amplifying the practice of taking testimony by deposition and abolishing technical requirements of the Code of Civil Procedure and general rules of practice, is remedial and should be liberally construed to further justice and effectuate its provisions. (Brand v. Butts, 242 App. Div. 149.) The examination is limited only by the requirement that the testimony be material and necessary in the prosecution or defense of the action. (Rumsey v. Deere & Co., 275 App. Div. 894.)
In the leading case of Public Nat. Bank v. National City Bank (261 N. Y. 316, 318-319) Craxe, J., says:
“ The right to examine a party before trial is not made dependent as matter of law upon the purpose or necessity to use his evidence to establish an affirmative claim or defense. It is discretionary with the courts to permit an examination of a party, even where the burden of proof is entirely with that party. * * *
“ The courts, in the exercise of their discretion, have placed a limitation upon this section [Civ. Prac. Act, § 288], but no words of limitation are to be found in the section itself, except that the deposition must be material and necessary for the plaintiff or for the defendant, that is, for the prosecution or the defense of the action ”. (Citing Herbage v. City of Utica, 109 N. Y. 81, 82.)
The scope and control of the examination rests in the discretion of the court. (Middleton v. Boardman, 240 N. Y. 552; Altman v. Altman, 160 Misc. 600.)
In order to rule upon the objections interposed to the questions propounded to the defendant, it is necessary to consider what matters, concerning which plaintiffs seek to examine defendant before trial, are material and necessary to the prosecution of the action. Testimony is not “ material and necessary ” within the discovery statute unless it relates to an issue of fact which arises from the pleadings between the parties to each other in the action. (Civ. Prac. Act, § 288.)
*210 The purpose of the examination before trial is to get out facts, and both sides should have a fair opportunity in advance of trial to garner evidence. (Civ. Prac. Act, § 288; Marie Dorros, Inc., v. Dorros Bros., 274 App. Div. 11; Ehnes v. Krinsky, 198 Misc. 251.)
Refusal to answer on the ground that plaintiffs have the burden of establishing that no claim or claims exist, if such be the contention of the defendant, is no longer invariably warranted by the law. (Public Nat. Bank v. National City Bank, 261 N. Y. 316, supra; Marie Dorros, Inc., v. Dorros Bros., supra; Matter of Levine, 157 Misc. 437; Matter of Kahn, 274 App. Div. 900.)
In the exercise of sound discretion, under the circumstances here shown, it is our opinion that the defendant must answer the questions he has refused to answer and furnish the information relating to the claims referred to in his answer, since the same appear to be perfectly legitimate in purpose and quite in order.
The defendant, as a stakeholder, should be impartial since he has no personal interest in the stake other than to make payment pursuant to the terms of the escrow agreement. He should not obstruct legal means for eliciting the facts establishing the claim or claims that would warrant his withholding from the owners the funds he holds, if such claim or claims truly exist. If he has no ulterior motives and is acting in good faith, a full and complete disclosure of the' facts that are material and necessary in the prosecution of this action should be made to plaintiffs on his examination before trial.
‘‘ A stakeholder is a person who is or may be exposed to double or multiple liability as the result of adverse claims.” (Civ. Prac. Act, § 285, subd. 1, par. b.) By interpleading Parisi in this action pursuant to subdivision 3 of section 285 of the Civil Practice Act, defendant would have obviated the.risk of such liability. Why the defendant did not avail himself of this usual and customary defensive procedure ordinarily resorted to by stakeholders confronted with adverse claims, poses a nice question.
Defendant, as an attorney, undoubtedly was familiar with this salutary defensive' statute; and the court is constrained to observe that Parisi,' although a purported claimant who had notice of this action, did not intervene in the action as he could have done under the provisions of section 193-b of the Civil Practice Act. And in passing it should be noted that to afford the stakeholder protection against adverse claims, this right to interplead is only available to the stakeholder. (Nathan v. *211 Bernstein, 252 App. Div. 497.) Furthermore, since no “ proper written notice of the claim and details thereof ”, if there were any claim or claims, were furnished by Parisi to the plaintiffs as provided in paragraph 3 of the agreement of sale, plaintiffs could not have properly joined Parisi in the action because of this want of factual details to enable them to meet any issue of the existence of such claim or claims in their pleading.
The court also is not favorably impressed by the fact that the escrow money has been deposited by the defendant in a vault of the Bankers Trust Company in the name of L. Blau Realty Co., Inc., to which defendant and his father, not a party to this action, have access. Under subdivision 2 of section 286 of the Civil Practice Act a stakeholder, who is the defendant in an action for payment of the stake to the plaintiffs, at any time during the pendency of the action can apply to the court, for an order permitting him to deliver or pay into court or to a person designated by the court or to retain to the credit of the action said stake money subject to the further order of the court or final judgment. Defendant also did not avail himself of this provision of the statute, but on the other hand opposed plaintiffs’ motion that the money be deposited in court or in a bank depository designated by the court.
The facts relating to the claim or claims referred to in defendant’s answer, including the names of each claimant, and the nature and extent of each claim, as well as all information defendant has with respect thereto, are all necessary and material to the prosecution of plaintiffs ’ case and all questions seeking to elicit this necessary and material testimony are proper and legitimate matter into which plaintiffs may examine. Therefore, in the exercise of a sound discretion, this court >overrules defendant’s objections, and hereby orders and directs him to answer said questions and furnish the information he has refused to give.
Submit order.